34 C.C.P.A. (Patents)

### In re MEGOW et al.
### Patent Appeal No. 5203.

Court of Customs and Patent Appeals.

Jan. 7, 1947.

Rehearing Denied Feb. 27, 1947.

Edwin B. H. Tower, Jr., of Milwaukee, Wis. (Stone, Boyden & Mack, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Joseph Schimmel, of Milwaukee, Wis., and R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the decision of the Primary Examiner who, after allowing three claims, rejected claims 17, 18 and 19 of appellants' application for a patent which relates to a machine for manufacturing resistors such as are used in radio circuits. Appellants have here appealed from the decision of the board.

The examiner has well described the machine in the following terms: "The invention relates to an apparatus for embedding the terminal leads in the end of a molded resistor. Applicant employs a heated molding block having a horizontal passage therethrough with which opposed plunger members have intimate sliding contact. Each plunger has a bore therethrough of a size so as to receive the shanks of the terminal leads loosely. These leads have enlarged heads so that when the shanks are thrust to their fullest extent into the plunger bores, the heads extend axially beyond the working faces of the plungers. These heads are undercut so that when the plungers are urged toward each other to compress the material which is to define the body of the resistor, the plungers pack some of the material about the undercut portions of the head so that the latter is firmly locked in place in the finished product. Since the outer end of the shank of each lead extends only a fraction of the length of the bore in its plunger, it is subjected to no compressive strain."

In rejecting the claims the examiner and the board relied upon: Shearer, 1,831,144, November 10, 1931.

The Shearer patent shows a molding machine for forming commutator brushes and the like by embedding wire connectors in a moldable substance. The apparatus operates very much on the same principle as that of appellants' device. The Shearer

patent is a long and somewhat complicated one, and, as we see the issue, requires no extended description or discussion.

Claims 17 and 18 were rejected upon Shearer and claim 19 is said to have been submitted by amendment as a new claim with the request that it be entered for the purpose of appeal. After entering the amended claim 19, the examiner applied the Shearer reference as the basis for rejecting all three of the claims here involved. The board made no mention of claim 19 except to list it as being one involved in the appeal.

The Solicitor for the Patent Office here raises some question as to whether or not appellants have, for certain reasons, abandoned their reason of appeal as to claim 19. However, we prefer to pass upon the three claims with respect to their merits.

Claim 17 is regarded as illustrative and follows: "17. In an apparatus for embedding the head of a lead wire having a long slender shank portion and a head which has a major transverse dimension which is more than about twice the diameter of said shank portion in a body of moldable resistance material while the latter is being pressed to shape, which apparatus comprises a recessed die, a plunger die adapted to enter said recessed die and apply pressure to a blank of moldable resistance material contained therein, said plunger having a working end face and a bore extending therefrom for accommodating the wire shank portion of said lead without imposing endwise compression stress thereon, said bore having a diameter slightly greater than the diameter of said shank, said working end face having a minimum transverse dimension larger than the maximum transverse dimension of said head and several times the diameter of said bore to provide a head engaging work face portion marginal to said bore for acting against the rear of said head to force said head into said moldable resistance material and to also provide a direct acting work face portion surrounding said head engaging work face portion for directly engaging said moldable resistance material and applying pressure thereto to cause the same to flow under pressure against the side portions of said head to form a collar of molded resistance material surrounding said head."

Claim 18 differs from claim 17 only in specifying the embedding of the heads of a lead wire in the blank at each end thereof instead of at one end only, while claim 19 contains a limitation which the Solicitor urges makes the claim unpatentable in view of the fact that appellants have allegedly improperly claimed the combination of the apparatus and the material worked upon. As to this ground of rejection, which the board does not specifically mention, we think it unnecessary to discuss the same since we are of the opinion that all the claims were properly rejected upon the patent to Shearer.

The examiner discussed the issue somewhat at length as follows:

"Claims 17 to 19 are rejected as unpatentable over Shearer who shows a recessed die 12 and a plunger die 10 adapted to enter the recessed die to apply pressure to moldable resistance material therein. The plunger die has a flat working end face and is provided with bores for receiving a pair of leads. While the various dimensions of Shearer's plunger die 10 differ from those called for in these claims, these are thought to be unpatentable differences because they are dictated by the design of the particular article being molded. 'Without imposing endwise compressive stress thereon', occurring in these claims, is a negative limitation which adds nothing to the apparatus elements set forth in these claims. Moreover, it is a method limitation which cannot be depended upon to confer patentability upon applicant's apparatus.

"While claims 18 and 19 call for a plunger die or ram movable through each end of the recessed die, each ram having a bore to accommodate the shank of a terminal lead, and Shearer shows two rams, only one of which accommodates the shanks of terminal leads, no invention is seen in providing Shearer's plunger die 13 with one or more bores to accommodate terminal lead shanks if the design of the article being molded should so require. This would amount to a logical carrying forward of Shearer's basic concept.

"The particular relation between the size of the head and shank of the terminal lead is a matter which is material to the article being made rather than to the apparatus in which it is made. Hence such limitations as the fact that the major transverse dimension of the head 'is more than about twice the diameter of said shank portion' (claims 17 and 18) and that the head is 'arranged to protrude in front of the working surface of said ram', are deemed to differ from Shearer in matters of design only, depending entirely on the particular article being made."

The board affirmed the decision of the examiner in a general way and approved of his rejection upon the patent to Shearer, stating: "Shearer states that his brush may be made to have one terminal wire instead of two. If two terminals, one on each end, were desired, it seems to us two plungers such as 10 could be used, entering the die from opposite ends and each carrying a single terminal without creating a new invention. Further, no reason is seen why the Shearer apparatus could not embed in the resistance material enlarged ends of terminals as well as terminal ends that are not enlarged."

Since we agree with all that was said by the examiner and the board we deem it unnecessary to discuss their views in extenso. It is clear to us that invention cannot rest in providing the Shearer plunger die with one or more bores to accommodate terminal lead shanks if the design of the article being molded should require doing so, because it amounts to nothing more than "a logical carrying forward of Shearer's basic concept." This same conception is shown in appellants' modified form which places the embedded leads in the moldable resistance material on one side rather than at the end. No invention is seen in this expedient.

Appellants stress the fact that the wires embedded in the resistance material have heads larger than the body of the wire, which it is stated permits the wires to be more firmly molded into the plastic material. Surely it is not inventive to embed in molded material a metallic member which is deformed or which is larger on the inside of the material than on the outside. This would seem to be the obviously proper thing to do so as to secure stability.

We think the three claims involved in the appeal were properly rejected on the Shearer patent, and the decision of the Board of Appeals is affirmed.

Affirmed.